**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JITKA MCINTOSH,

                                    Plaintiff,

            -v-                                                 06-CV-0708S(Sr)

BANK OF AMERICA,

                                    Defendant.

---

## DECISION AND ORDER

            This case was referred to the undersigned by the Hon. William M. Skretny,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters, including hearing and

disposition of all non-dispositive motions.  Dkt. #13.


            Currently before the Court is:

      (1)    plaintiff's motion to compel answers to
             interrogatories (Dkt. #43);

      (2)    defendant's motion to compel answers to
             interrogatories and to produce documents
             (Dkt. #48); and

      (3)    defendant's supplemental motion to compel
             production of documents (Dkt. #75).

For the following reasons, plaintiff's motion to compel is granted in part and denied in

part, and defendant's motions to compel are granted in part and denied in part.

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*.  Dkt. #1.  Plaintiff was hired by defendant in October of 2002 and alleges that, beginning in February of 2003, defendant failed to promote her, failed to provide her with reasonable accommodations, harassed her and retaliated against her because of her sex, national origin (Czech Republic), and disability.  Dkt.#1. Plaintiff was terminated from her position as a senior telephone sales associate effective January 2, 2007.  Dkt. #12.

**Plaintiff's Discovery Demands of Defendant**

Plaintiff moves to compel responses to every interrogatory directed to defendant.  Dkt. #43.  However, plaintiff's explanations as to the deficiencies in defendant's responses are often unclear.  Moreover, the interrogatories are generally overbroad and often seek information that is not relevant to the Court's understanding of plaintiff's claims.

The Court has reviewed each of plaintiff's interrogatories, as well as defendant's responses and general disclosures, and is confident that defendant has responded to plaintiff's interrogatories appropriately and that the motion to compel should be denied except as follows:

    (1)    defendant shall clarify its response Interrogatory No. 7 to include any complaints of discrimination based upon sex, national origin and disability at the Getzville office since 2002; and

    (2)    to the extent that defendant will claim that plaintiff was not promoted and/or disciplined because of

her performance, plaintiff is entitled to documents
which demonstrate not only her performance, but
her performance relative to that of other employees
in her department.  Thus, defendant shall produce
documentation demonstrating plaintiff's
performance relative to other employees in her
department from 2002[1] through the date of her
termination.

**Defendant's Discovery Demands of Plaintiff**

Interrogatory No. 1

Interrogatory No. 1 seeks identification of individuals from whom plaintiff

has obtained written or oral statements concerning the facts of her case.  Dkt. #50, p.14.

Plaintiff responded that she contacted the Equal Employment Opportunity Commission

("EEOC").  Dkt. #50, p.45.  Plaintiff subsequently confirmed that she has no other

witnesses.  Dkt. #60, p.1.  This response is sufficient.

Interrogatory No. 5

Interrogatory No. 5 seeks an itemization of damages sought by plaintiff.

Dkt. #50, p.15.  Plaintiff responded that she was unable to translate her emotional

distress into dollars.  Dkt. #50, p.56.  During the course of a subsequent mediation,

plaintiff provided defendant with a dollar amount. Dkt. #60, p.1.  This is sufficient.

Interrogatory No. 9 & Document Demand Nos. 1 & 24

Interrogatory No. 9 seeks information regarding any other civil, criminal,

administrative actions in which plaintiff has participated or provided sworn testimony as a

---

[1] Although the Court understands that defendant does not possess records prior to 2004, plaintiff
would be entitled to records as of 2002.

party or witness and requests the name of any attorney involved in such actions. Dkt. #50, p.16. Document Demands Nos. 1 & 24 seek documents related to any such actions. Dkt. #75-3, p.23. Plaintiff responded that she was unaware of having provided sworn testimony. Dkt. #50, p.57. Plaintiff subsequently responded that she is not and was not involved in any other action. Dkt. #60, p.2. Defendant argues that this response is false, as defendant has discovered that plaintiff has commenced suit in at least two personal injury actions and has initiated an EEOC complaint against at least one other employer. Dkt. #64, pp.2-3. Defendant subsequently reported that plaintiff has provided some documents, but seeks additional documents. Plaintiff shall supplement her response to these requests except that she shall not be required to provide further information with respect to her divorce.

Interrogatory No. 14

Interrogatory No. 14 seeks plaintiff's employment history from the age of 18. Dkt. #50, pp.17-18. Defendant complains about the specificity of plaintiff's response with respect to her employment in the Czech Republic. As it appears that plaintiff resided in the United States for more than a decade before she began her employment with defendant, the Court does not find any relevance to defendant's request for more specific information regarding her employment in the Czech Republic. Dkt. #50, p.57.

Interrogatory & Document Demand No. 16

Interrogatory No. 16 seeks information regarding plaintiff's efforts to obtain employment since 2002. DKt. #50, p.18. Document Demand No. 16 seeks any documents relating to plaintiff's efforts to obtain employment. Dkt. #50, p.30. Plaintiff

responded that she applied to banks and government offices in Florida but was not offered employment.  Dkt. #50, pp.58-59.  Defendant argues that although plaintiff has provided a "substantial amount of information with regard to her job searches during the course of her employment," she has "provided little, if anything, with regard to her mitigation of damages subsequent to her discharge."  Dkt. #64, p.3.  Plaintiff shall supplement her response to provide information and documents relating to any attempts to locate employment subsequent to her termination from Bank of America.


Document Demand #2 & #3

Document Demand #2 seeks copies of plaintiff's federal and state income tax returns (with schedules) for the years 2001 through the present.  Dkt. #50, p.28.  Document Demand #3 seeks copies of plaintiff's W-2 statements for the years 2001 through the present.  Dkt. #50, p.28.  If plaintiff is unable to provide such documents, defendant requests an authorization to permit defendant to obtain the information.  Dkt. #50, p.28.  Plaintiff provided some documentation, but objected that her income from sources other than defendant was irrelevant.  Dkt. #60, p.4.


Tax returns are protected by a "qualified privilege."  *Gattengno v. Price Waterhouse Coopers, LLP*, 205 F.R.D. 70, 71 (D. Conn. 2001).  Accordingly, tax returns need not be disclosed unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily obtainable.  *Id., quoting Cooper v. Hallgarten & Co.*,

34 F.R.D. 482, 484 (S.D.N.Y. 1964); *see also Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 238-239 (W.D.N.Y. 1998).

In the instant case, plaintiff's earnings, including earnings immediately prior to her employment with defendant, concurrent to her employment with defendant, or subsequent to her employment with defendant, are relevant to her claim of damages. However, disclosure of plaintiff's W-2 and Wage Statements are sufficient to enable defendants to assess plaintiff's earnings.  Accordingly, to the extent that plaintiff has not already done so, she is hereby ordered to produce any and all W-2 Statements from 2001, the year before she began working for defendant, through the present.  If plaintiff is not in possession of such documentation, she shall execute an authorization permitting defendant to obtain her tax returns from the IRS for the years she is unable to provide her W-2s.

Document Demand Nos. 7 & 12

Plaintiff shall disclose any diaries, notes, e-mails, correspondence, communications, *etc.* regarding her employment or complaint.  Dkt. #75-3.

Document Demand No. 13

Document demand No. 13 seeks documents relating to plaintiff's expert witnesses.  Dkt. #75-3, p.25.  Plaintiff shall provide information relating to expert witnesses in accordance with paragraph 8 of the Court's Case Management Order (Dkt. #23), which shall be amended to provide updated deadlines at a status conference to be scheduled shortly.

<u>Medical Authorizations</u>

          Defendant seeks execution of a medical authorization for a complete copy of plaintiff's medical records from any medical provider who treated plaintiff for her alleged disability or provided treatment as a result of defendant's discriminatory conduct. Dkt. #50, pp.29-30.   Plaintiff responds that she provided authorization for medical records within the past ten years other than the medical records from her gynecologist, which she asserts  are irrelevant.  Dkt. #60, pp.4-5.  Defendant affirms that it has not received medical authorizations.  Dkt. #63.

          As this Court has previously held, where a plaintiff claims damages for emotional distress or other psychological injuries,

> defendants have "a clear right to make a searching inquiry into plaintiff's past for the purpose, among others, of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way 'job related.'"  *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298 (E.D. Pa. 1983); *see Potter v. West Side Transportation, Inc.,* 188 F.R.D. 362, 364 (D. Nev. 1999) ("To determine the extent of emotional injury from the accident, it is necessary to determine what their emotional health was before the accident, what it is now, and whether the accident or some other incident or situation is the cause . . ."); *Bridges v. Eastman Kodak Co.*, 850 F. Supp.216, 223 (S.D.N.Y. 1994) ("since plaintiffs seek to prove that they have suffered emotional distress as a result of sexual harassment . . . defense counsel has a right to inquire into plaintiffs' past for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.").

*Bujnicki v. American Paving & Excavating, Inc.*, No. 99-CV-646, 2004 WL 1071736, at *18 (W.D.N.Y. Feb. 25, 2004).  Accordingly, plaintiff must provide authorizations for defendant to obtain medical records relating to treatment of her alleged disability and her

claim of emotional distress, mental anguish or other psychological injuries from 2000[2] to the present.

Remaining Demands

Document Demand Nos. 25, 34 and 40 are duplicative of other interrogatories and document demands and/or overbroad.  As a result, plaintiff need not provide any further response to these demands.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (Dkt. #43), is granted in part and denied in part, and defendant's motions to compel (Dkt. #48 & 75), are granted in part and denied in part.  The parties shall supplement their disclosure as set forth above within 30 days of the entry of this Decision and Order.


**SO ORDERED.**


DATED:        Buffalo, New York
                    September 30, 2008

                                              **s/ H. Kenneth Schroeder, Jr.**
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**

---

[2]  The Court chooses 2000 to afford defendant the opportunity to review medical records two years prior to plaintiff's commencement of employment with defendant and three years prior to the alleged onset of discrimination.

-8-