UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JITKA MCINTOSH,

      **Plaintiff,**

   -v-              06-CV-0708S(Sr)

BANK OF AMERICA,

      **Defendant.**

---

## DECISION AND ORDER

   This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters, including hearing and disposition of all non-dispositive motions. Dkt. #13.

   Currently before the Court is:

(1) plaintiff's motion to compel defendant to comply with the Court's Order dated September 30, 2008 (Dkt. #100);

(2) plaintiff's motion for a protective order denying defendant's request for further deposition testimony of plaintiff (Dkt. #101); and

(3) defendant's motion to suspend discovery pending consolidation of this action with 08-CV-503 (Dkt. #107).

For the following reasons, plaintiff's motion to compel is granted in part; plaintiff's motion for a protective order is denied; and defendant's motion to suspend discovery is denied as moot.

## BACKGROUND

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000 *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq*. Dkt. #1. Plaintiff was hired by defendant in October of 2002 as a senior telephone sales associate and alleges that, beginning in February of 2003, defendant failed to promote her, failed to provide her with reasonable accommodations, harassed her and retaliated against her because of her sex, national origin (Czech Republic), and disability. Dkt.#1. Plaintiff was terminated from her position effective January 2, 2007. Dkt. #12.

Following her termination, plaintiff commenced a second lawsuit alleging employment discrimination on the basis of national origin and retaliation, in violation of Title VII, the ADA, and the New York State Human Rights Law ("NYSHRL"). 08-CV-503 at Dkt. #1. Given the legal and factual similarities between the two cases, the Court determined, *sua sponte,* that consolidation was appropriate. 08-CV-503 at Dkt. #16.

## DISCUSSION AND ANALYSIS

**Plaintiff's Motion to Compel**

Plaintiff moves to compel defendant to comply with this Court's Order of September 30, 2008, which directed defendant to "produce documentation demonstrating plaintiff's performance relative to other employees in her department from 2002[1] through the date of her termination." Dkt. #79 & Dkt. #100. Specifically, plaintiff seeks legible, original

---

[1] The Court noted that plaintiff would be entitled to records as of 2002 even though defendant proffered that it did not possess these records prior to 2004.

sized (8½" x 14"), copies of monthly reports for the Accelerator Program Daily Report. Dkt. #100.

Defendant filed legible copies of the 2004-2006 Accelerator Reports to plaintiff in a Supplemental Response to Plaintiff's Interrogatories By Sealed Document on February 10, 2009. Dkt. #105.

Plaintiff indicates that credit card sales were reported separately in 2004 and that this data was not provided with the Accelerator Reports. Dkt. #113, ¶ 9. Defendant shall provide this data to plaintiff within 30 days of this Decision and Order.

**Plaintiff's Motion for a Protective Order**

Plaintiff moves for a protective order preventing defendant from obtaining additional deposition testimony from her on the ground that defendant exceeded the time allotted in Rule 30(d) of the Federal Rules of Civil Procedure during the deposition of plaintiff on September 26, 2007 and on the ground that defendant's questioning during that deposition was abusive and harassing. Dkt. #101. Specifically, plaintiff objects to defendant's questions regarding a prior personal injury lawsuit, her immigration status, marital status, employment history before and after her employment with defendant, and mental health. Dkt. #101. Plaintiff contends that these questions are not relevant, but "serves only to intimidate, annoy, oppress, embarrass and harass Plaintiff, and add to the time and costs of litigation." Dkt. #101. Plaintiff informs the Court that her "emotional health status is not in a position to undergo emotional deposition," claiming "frequent chest pains and swollen eyes." Dkt. #101. Plaintiff indicates that she is "concerned about her health status and heart condition." Dkt. #101.

Defendant responds that plaintiff's deposition on September 26, 2007 lasted approximately five hours, excluding breaks. Dkt. #109. Defendant affirms that several breaks were necessitated by plaintiff's emotional response to defendant's questioning, which made it difficult to proceed with the deposition in an efficient manner. Dkt. #109. Defendant also notes that there were outstanding discovery disputes at the time of the plaintiff's deposition which were not resolved until the Court's Decision and Order dated September 30, 2008. Dkt. #109. Defendant argues that it is entitled to depose plaintiff with respect to the claims raised in 08-CV-503 and expects that plaintiff's deposition can be completed in one additional day of seven hours of questioning. Dkt. #109.

Having reviewed the deposition transcript of September 26, 2007, the Court finds no merit to plaintiff's accusations of improper or harassing questioning. Defendant is entitled to inquire as to the facts underlying plaintiff's claims and to ascertain information regarding her background, employment and medical history in order to properly defend itself against plaintiff's allegations. Plaintiff has proffered no medical evidence to suggest that she is unable to withstand a second deposition which, given the additional allegations raised in the subsequent lawsuit, defendant is entitled to conduct. As a result, plaintiff's motion for a protective order is denied.

**Defendant's Motion to Suspend Discovery Pending Consolidation**

By Notice of Motion filed February 5, 2009, defendant moved to consolidate this action with plaintiff's complaint in 08-CV-503. Dkt. #102. In support of that motion, defendant noted that "the underlying facts, theories of liability, witnesses and relief requested are substantially similar in the actions" and consolidation "would not result in any prejudice"

to plaintiff. Dkt. #103, ¶ 3. By Text Order entered February 13, 2009, the Hon. William M. Skretny denied the motion to consolidate without prejudice to renewal following resolution of the motion to dismiss pending in 08-CV-503.

By Decision and Order in 08-CV-503,[2] the Court resolved the motion to dismiss and determined, *sua sponte,* that the remaining causes of action in 08-CV-503 should be consolidated with this action. As the cases are now consolidated, defendant's motion to suspend discovery is denied as moot.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel (Dkt. #100), is granted in part; plaintiff's motion for a protective order (Dkt. #101), is denied; and defendant's motion (Dkt. #107), to suspend discovery is denied as moot.

The parties shall appear before the undersigned on **Monday, September 21, 2009 at 2:00 p.m.** to set an amended Case Management Order.

**SO ORDERED.**

DATED: Buffalo, New York
September 4, 2009

   s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment of 08-CV-503 to the undersigned to conduct all proceedings in that case, including the entry of final judgment. 08-CV-503 at Dkt. #15.