UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JITKA MCINTOSH,

                Plaintiff,

        -v-                                            06-CV-0708S(Sr)

BANK OF AMERICA,

                Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters, including hearing and disposition of all non-dispositive motions. Dkt. #13.

Currently before the Court is defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking dismissal of plaintiff's claims for sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New York State Human Rights Law ("NYSHRL"), on the ground that plaintiff failed to timely exhaust administrative remedies because she failed to complain of sex discrimination in her Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), and that plaintiff's complaint fails to state a claim for sex discrimination. Dkt. #124. For the following reasons, it is recommended that defendant's motion be granted.

## BACKGROUND

Plaintiff filed a charge of discrimination with the EEOC on April 28, 2006, claiming discrimination based on national origin and disability. Dkt. #126-2, p.14. Specifically, plaintiff complained that she was from the Czech Republic and speaks with an accent and that on October 26, 2005, a co-worker placed a flag of the Czech Republic on her desk. Dkt. #126-2, p.14. Plaintiff also complained that her employer was aware of her desire to transfer due to her medical condition but that she was unable to secure another position. Dkt. #126-2, p. 15. The EEOC issued a Dismissal and Notice of Rights dated July 24, 2006. Dkt. #1, p.9.

Plaintiff commenced this action *pro se* on October 24, 2006, alleging violations of Title VII and the Americans with Disabilities Act of 1990 ("ADA"). Dkt. #1. Plaintiff alleges that she was hired by defendant in October of 2002 as a senior telephone sales associate and that, beginning in February of 2003, defendant failed to promote her, failed to provide her with reasonable accommodations, harassed her and retaliated against her because of her sex, national origin and disability. Dkt. #1. Plaintiff complains that in response to her attempts to relocate in July of 2005, her manager told her to move back to the Czech Repulic. Dkt. #1, p.6. She also complains that she was written up and asked to resign because she was "making other employees uncomfortable." Dkt. #126-2, p.8.

Plaintiff was terminated from her position effective January 2, 2007. Dkt. #12. On March 9, 2007, plaintiff filed a second Charge of Discrimination, alleging discrimination based on national origin and retaliation. 08-CV-503 at Dkt. #1, p.19.

Specifically, plaintiff alleged that on June 19, 2006, shortly after she filed her original Charge of Discrimination, she received a Final Written Counseling based upon factually untrue allegations and that on December 5, 2006, shortly after filing her lawsuit, she received another unwarranted Final Written Counseling. 08-CV-503 at Dkt. #1, p.19. Plaintiff alleged that her termination was based upon her failure to meet the unrealistic requirements set forth in the December 5th Final Written Counseling. 08-CV-503 at Dkt. #1, pp.19 & 21. Plaintiff indicated her belief that defendant treated her in this manner because she was "from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination." 08-CV-503 at Dkt. #1, p.21.

On November 5, 2007, plaintiff amended her second Charge of Discrimination "to include sex and age" discrimination. 08-CV-503 at Dkt. #1, p.16. Plaintiff also checked off the box relating to discrimination based upon disability. 08-CV-503 at Dkt. #1, p.16. Specifically, plaintiff alleged that she believed she

> was discriminated [sic] based on my sex, female, because women tend to get sick more than men and can get pregnant. I also believe age was a factor because when I was discharged, the Respondent told me [sic] was "worn out" with respect to my sales.
>
> I believe I was treated in the above manner based on my sex, female; my age, 44, because I am from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination.

08-CV-503 at Dkt. #1, p.18. The EEOC issued a Notice of Right to Sue (Conciliation Failure), dated May 9, 2008, stating that it "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in

the charge but could not obtain a settlement with the Respondent that would provide relief for you." 08-CV-503 at Dkt. #1, p.27. Specifically, the EEOC determined that plaintiff was "discharged in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a corresponding federal lawsuit." Dkt. #1, p.30.

Plaintiff commenced a second action *pro se* on July 7, 2008. 08-CV-503 at Dkt. #1. Plaintiff alleged employment discrimination on the basis of sex and national origin, in violation of Title VII; age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and disability, in violation of the ADA. 08-CV-503 at Dkt. #1. Plaintiff also asserted a claim for relief pursuant to the NYSHRL. 08-CV-503 at Dkt. #1, pp.7-14. Plaintiff complained that she was denied promotion, denied reasonable accommodations, terminated, harassed on the basis of her sex, denied equal terms and conditions of employment and retaliated against for complaining about defendant's discrimination and harassment. 08-CV-503 at Dkt. #1.

Defendant moved to dismiss that portion of the second complaint which alleged discrimination on the basis of disability, age and sex for failure to exhaust administrative remedies. 08-CV-503 at Dkt. #5. The Court determined that the allegations of age, sex and disability discrimination set forth in the amended Charge of Discrimination were not reasonably related to the allegations of national origin discrimination and retaliation and were, therefore, untimely. 08-CV-503 at Dkt. #16.[1] As a result, plaintiff's claims of discrimination on the basis of age, sex and disability

---

[1] The parties had consented to the assignment of 08-CV-503 to the undersigned to conduct all proceedings, including the entry of final judgment. 08-CV-503 at Dkt. #15.

were dismissed for failure to timely exhaust administrative remedies. 08-CV-503 at Dkt. #16. Plaintiff's complaint was allowed to proceed under both Title VII and NYSHRL in so far as it claimed discrimination based on national origin and retaliation. 08-CV-503 at Dkt. #16. Given the legal and factual similarities between the first and second complaint, the Court determined, *sua sponte,* that consolidation was appropriate. 08-CV-503 at Dkt. #16.

## DISCUSSION AND ANALYSIS

Defendant seeks dismissal of plaintiff's claims of sex discrimination and retaliation because plaintiff failed to include such claims in her Charge of Discrimination and because her complaint fails to state a claim for sex discrimination and retaliation. Dkt. #125.

Plaintiff responds that the motion must fail because the amended second Charge of Discrimination exhausted her claim for sex discrimination and retaliation. Dkt. #132.

Standard for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)(6). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly,

the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Org. Day Care Ctr., Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973). The court is required to read the complaint broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutrition Inst.*, 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court revisited the standard of review on a motion to dismiss and concluded that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (internal citations omitted).

In setting forth this standard, the Supreme Court disavowed an often quoted statement from its decision in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court explained that

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals [for the Second Circuit] appears to have read *Conley* in some such way when formulating its understanding of the proper pleading standard ...

*Id.* at 561. The Supreme Court decried that

> On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case . . ..

*Id.* at 561-62 (internal citations omitted). The Supreme Court then limited *Conley* to describing "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* at 563. The Supreme Court reiterated that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on it face." *Id.* at 570.

> Subsequently, the Supreme Court reiterated that
> the pleading standard Rule 8 announces does not require
> detailed factual allegations, but it demands more than an
> unadorned, the-defendant-unlawfully-harmed me
> accusation. A pleading that offers labels and conclusions or
> a formulaic recitation of the elements of a cause of action
> will not do. Nor does a complaint suffice if it tenders naked
> assertions devoid of further factual enhancement.
> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to state a claim to
> relief that is plausible on its face. A claim has facial
> plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The
> plausibility requirement is not akin to a probability
> requirement, but it asks for more than a sheer possibility that
> a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's
> liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, __ U.S. __, 173 L.Ed.2d 868, 883-884 (May 18, 2009) (internal quotations and citations omitted). The Supreme Court also explained the principles underlying its decision in *Twombly* as follows:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause
> of action, supported by mere conclusory statements, do not
> suffice. . . . Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss. Determining
> whether a complaint states a plausible claims for relief will . .
> . be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct, the complaint
> has alleged – but it has not shown – that the pleader is
> entitled to relief.
>
> In keeping with these principles a court considering a motion
> to dismiss can choose to begin by identifying pleadings that,
> because they are no more than conclusion, are not entitled
> to the assumption of truth. While legal conclusions can
> provide the framework of a complaint, they must be

> supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise
> to an entitlement to relief.

*Id.* at 884 (internal quotations and citations omitted).

Permissible Evidence

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). "If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *Olin Corp. v. E.I. DuPont De Nemours & Co.*, No. 05-CV-100, 2006 WL 839415 (W.D.N.Y. March 27, 2006).

In addition, a district court may take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings. *Kramer*, 937 F.2d at 774. In employment discrimination cases, a plaintiff's EEOC charge may be

considered either as matters referenced in the complaint or as public records subject to judicial notice. *Blunt v. Aetna/US Healthcare*, 04-CV-483, 2005 WL 1561800, at *1 (D.Conn. June 30, 2005); *McBride v. Routh*, 51 F. Supp.2d 153, 156 (D.Conn. 1999); *Nickens v. New York State Dep't. Of Corrs.*, 94-CV-5425, 1996 WL 148479, at *1 (E.D.N.Y. March 27, 1996); *see also Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (treating allegations in the affidavit submitted to the EEOC as an integral part of plaintiff's pleadings).

Exhaustion of Administrative Remedies

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). "As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988), *citing* 42 U.S.C. § 2000e-5(e). "If a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days." *Id.*, *citing* 42 U.S.C. § 2000e-5(e). The exhaustion of administrative remedies is an essential element of the statutory scheme and defendants are entitled to insist that plaintiffs comply with this requirement as a precondition to the filing of a lawsuit. *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000). "When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." *Butts v. City of New York Dep't of Housing Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993),

*superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care*, 163 F.3d 684 (2d Cir. 1998).

In the instant case, plaintiff's Charge of Discrimination dated April 28, 2006, claimed discrimination based on national origin and disability. Dkt. #126-2, p.14. It did not allege discrimination based upon her sex. Thus, plaintiff had not exhausted her administrative remedies regarding her allegations of sex discrimination at the time she filed her complaint in this action. As explained in the Court's Decision and Order with respect to defendant's motion to dismiss in the second action, plaintiff cannot rely upon her amended second Charge of Discrimination to exhaust her allegations of sex discrimination as it was filed more than ten months after plaintiff's termination and was, therefore, untimely. 08-CV-503 at Dkt. #16. As a result, it is recommended that plaintiff's claim of sex discrimination and retaliation be dismissed in this action.

NYSHRL

Although there is no analogous exhaustion requirement for claims pursuant to the NYSHRL, district courts commonly decline to exercise supplemental jurisdiction of such claims when their federal counterparts are dismissed for failure to exhaust administrative remedies in order to prevent plaintiffs from circumventing federal administrative exhaustion requirements. *See Spurlock v. NYNEX*, 949 F. Supp. 1022, 1035 (W.D.N.Y. 1996). Accordingly, it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's NYSHRL claims of sex discrimination and retaliation.

Failure to State a Claim

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To establish a *prima facie* case of discrimination, plaintiff must demonstrate: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) the circumstances of the adverse action give rise to an inference of discrimination on the basis of membership in that class.  *Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir. 2003); *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 91-92 (2d Cir.), *cert. denied*, 534 U.S. 951 (2001); *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir. 2000), *cert. denied,* 540 U.S. 811 (2003); *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).  Although the plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss, the complaint must comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

In the instant case, plaintiff's complaint fails to set forth any factual basis for a claim of sex discrimination.  Moreover, nothing in plaintiff's Charge of Discrimination, second Charge of Discrimination, amended second Charge of Discrimination or Complaint in 08-CV-503, suggests any factual basis for a claim of sex discrimination.  This omission contrasts with plaintiff's allegations in support of her claim

for discrimination based on national origin, *to wit*, that co-workers commented on her national origin and her supervisor suggested that she return to the Czech Republic and plaintiff's allegations in support of her claim for discrimination based upon a disability, *to wit*, that her employer knew of her medical issues, yet refused to assist plaintiff to transfer to a warmer climate.  Absent any facts suggesting discriminatory treatment based upon plaintiff's sex, plaintiff fails to state a claim for sex discrimination.  Accordingly, it is recommended that plaintiff's claim of sex discrimination and retaliation be dismissed for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendant's motion for judgment on the pleadings be granted and that plaintiff's claims for discrimination based upon sex and retaliation be dismissed pursuant to both Title VII and the NYSHRL.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED: Buffalo, New York
June 7, 2010

                                         s/ H. Kenneth Schroeder, Jr.
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**